Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
*Attorneys for Plaintiff, Anthony Gerard Carr*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anthony Gerard Carr,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Comenity Bank; and DOES 1 to 10 inclusive<br><br>　　　　Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1. **TCPA, 47 U.S.C. § 227**<br>　2. **RFDCPA, Cal. Civ. Code § 1788**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Anthony Gerard Carr ("Plaintiff"), through his attorneys, alleges the following against Defendant, Comenity Bank, ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a Banking institution engaged in the business of issuing credit cards with its principal place of business located in Columbus, OH. Defendant can be served with process through Carlson & Messer LLP, 5959 W. Century Blvd., Suite 1214, Los Angeles, CA 90045.

9. Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c)*.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. Plaintiff's debt is related to a Home Shopping Network ("HSN") account.

13. In or around December 2015, Defendant began placing calls to Plaintiff's cellular phone, in an attempt to collect an alleged debt.

14. Upon information and belief, the calls originated from, among others, (913) 312-5164, (913) 312-5172, (913) 312-5183, (913) 312-5158, (614) 212-5164, (614) 212-5166, and (800) 284-3900; these numbers are owned or operated by Defendant.

15. On January 12, 2016 at 6:58 pm, Plaintiff received a call from "Sherry" at (614) 212-5166. Sherry told Plaintiff she was calling regarding the debt, and Plaintiff unequivocally revoked consent to be contacted on his cellular phone any further.

16. On January 12, 2016 at 7:31 pm, Defendant called Plaintiff. This call came thirty (30) minutes after Plaintiff revoked consent to be called again.

17. On no less than eight (8) occasions between December 11, 2015 and March 1, 2016, Defendant called Plaintiff at least two (2) times per day.

18. On December 22, 2015, Defendant called Plaintiff at 6:14 pm and at 6:50 pm. Less than one hour apart.

19. On no less than two (2) occasions between December 11, 2015 and March 1, 2016, Defendant called Plaintiff at least four (4) times per day.

20. On December 29, 2015, Defendant called Plaintiff at 12:00 pm, 6:12 pm, 7:17 pm, and 8:02 pm.

21. Between December 11, 2015 and March 1, 2016, Defendant willfully called Plaintiff on his cellular phone approximately fifty-one (51) times after Plaintiff had told Defendant several times not to call anymore.

22. Plaintiff uses his cellular phone as his primary telephone and the frequent calls by Defendant caused Plaintiff to endure emotional distress and mental anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

25. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for

each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

23. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

24. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

   b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances;

   c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

      ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

      iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, Anthony Gerard Carr, respectfully requests judgment be entered against Defendant, Barclays Bank Delaware, a Delaware Corporation, for the following:

A. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

B. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

C. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c); and

D. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: May 26, 2016                By:*/s/ Stuart Price*
                                   Stuart Price, Esq.
                                   15760 Ventura Blvd, Suite 800
                                   Encino, CA 91436
                                   Tel: 818-907-2030
                                   stuart@pricelawgroup.com
                                   Attorneys for Plaintiff